United States District Court
Southern District of Texas
**ENTERED**
May 14, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KELVIN D. WILLIAMS, | § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-77 |
| ROBERT L. JOHNSON, | § § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Kelvin Williams ("Williams") filed a handwritten original petition in Texas state court in which he claimed to have created Black Entertainment Television ("BET") in 1990. Robert Johnson ("Johnson"), the defendant whom Williams sued, sold BET to Viacom, Inc. in 2001; and Williams's petition challenged the sale as violative of his claimed ownership interest (Dkt. 1-1).

Johnson removed the case to this Court under 28 U.S.C. § 1332 on the basis of diversity jurisdiction, as Johnson is a citizen of Florida for jurisdictional purposes. Johnson then requested a pre-motion conference in accordance with this Court's local procedures so that he could discuss his intention to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. At the subsequent conference before Magistrate Judge Edison, Williams confirmed two critical points: (1) that he is specifically challenging the 2001 sale of BET to Viacom; and (2) that he is standing on his live pleading.

Johnson has now filed his motion under Rule 12(b)(6). Williams has filed neither a response nor an amended pleading. The Court will grant Johnson's motion.

I. **THE APPLICABLE PLEADING STANDARD**

Williams proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to

state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In his Rule 12(b)(6) motion, Johnson is also asserting a time bar. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). When a federal district court is sitting in diversity, state law establishes the applicable statute of limitations for a state-law cause of action. *See, e.g., Rogers v. Dunham*, 478 Fed. App'x 875, 877 (5th Cir. 2012); *Vincent v. Money Store*, 915 F. Supp. 2d 553, 560–61 (S.D.N.Y. 2013); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 745–53 (1980).

## II. <u>ANALYSIS</u>

Williams's live pleading claims that he created BET in 1990 and "made [Johnson] cofounder" (Dkt. 1-1 at p. 2). According to the complaint, several witnesses were present when Williams transferred part ownership to Johnson (Dkt. 1-1 at p. 2). Although the list of purported witnesses—a roster that includes George H. W. and Barbara Bush; Barack and Michelle Obama; Princess Diana; Louis Farrakhan; Dr. Dre; and Bill and Camille Cosby—invites (to put it mildly) some skepticism, the Court accepts the claims as true. Even accepted as true, however, the allegations in Williams's live pleading do not state a claim upon which relief can be granted; and, at the pre-motion conference before Judge Edison, Williams simply said that Johnson "sold [his] company out from under [him]." It is not at all clear, either from Williams's written allegations or his statements at the conference, on what basis Williams is challenging the 2001 sale. For that matter,

Williams has never invoked a particular cause of action. The Court cannot, based on these allegations, draw any reasonable inference that Johnson is liable for any misconduct upon which Williams could base a viable claim for relief.

Moreover, Williams's judicial admission[1] that the sale about which he complains took place in 2001—18 years before he filed this lawsuit—establishes that any possible cause of action is time-barred. In all likelihood, the applicable limitations period would be four years, since Texas law establishes a four-year statute of limitations for claims of fraud and breach of fiduciary duty. *See* Tex. Civ. Prac. & Rem. Code § 16.004. Four years is also the general catch-all residual limitations period under Texas law, unless the claim at issue is an action for the recovery of real property. *See* Tex. Civ. Prac. & Rem. Code § 16.051. Even though Johnson raised the limitations defense in his Rule 12(b)(6) motion, Williams has not asserted any basis for tolling.

Williams's complaint fails to state a claim upon which relief can be granted. Additionally, the complaint's allegations, coupled with Williams's statements in open court, conclusively establish that any claims that Williams is trying to assert are time-barred. The Court will dismiss this case with prejudice.

---

[1] Although Williams's complaint does not specify that he is suing over the 2001 sale, his confirmation to Judge Edison that the sale referred to in his complaint is in fact the 2001 sale constitutes a judicial admission to that effect. "To qualify as a judicial admission, [a] statement must be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based." *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329 (5th Cir. 2001); *see also Jonibach Management Trust v. Wartburg Enterprises, Inc.*, 750 F.3d 486, 491 & n. 2 (5th Cir. 2014).

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Johnson's motion to dismiss (Dkt. 7) is **GRANTED,** and this case is **DISMISSED WITH PREJUDICE.**

2. Any other pending motions are **DENIED** as moot.


SIGNED at Galveston, Texas, on May 13, 2019.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE